UNITED STATES *v.* J. J. GAVIN & CO., INC. (SOELDNER-HEYMAN CO.)

**No. 7808.—**

Entry No. 708722.

First Division, Appellate Term

(Decided March 20, 1950)

*David N. Edelstein,* Assistant Attorney General (*Samuel D. Spector,* special attorney), for the appellant.

*Barnes, Richardson & Colburn* (*Samuel M. Richardson* and *Hadley S. King* of counsel) for the appellee.

Before OLIVER, COLE, and MOLLISON, Judges

COLE, Judge:   We are required in this proceeding to review the decision of Johnson, J., 22 Cust. Ct. 459, Reap. Dec. 7704, holding foreign value, section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (19 U. S. C. § 1402 (c)), to be the proper basis for reappraisement of 462 bags of powdered talc from India, and such statutory value to be 55 rupees 12 annas per long ton.

The conclusion sustained the value claimed by the importer, over the finding of the appraiser, whose action was based on United States

value, section 402 (e) of the Tariff Act of 1930 (19 U. S. C. § 1402 (e)), in the amount of $46.50 per short ton.

All of the evidence is documentary. Appellant (defendant below) submitted reports from the American consul in India, while the importer (plaintiff below) offered affidavits executed by the foreign manufacturer and by sellers of the merchandise in the Indian market. It is considered unnecessary to review the documents individually. Each will be referred to as it affects the views expressed in reaching the conclusion.

The manager (an owner and a director) of the foreign manufacturing syndicate, in his affidavit, plaintiff's exhibit 1, describes the process of acquiring powdered talc. Blocks or chunks of crude talc as received from the mine pit, in sizes ranging from approximately 2 feet to 3 inches, are fed into a crusher, reducing the size to that "of a common walnut or about 1 inch thick." The material is conveyed to a so-called "Raymond Mill," through which it is converted into a powder, the fineness thereof being governed by "adjusting the air separation control of such mill."

Talc of varying degrees of fineness is produced, the particular grade under consideration being 200-mesh, which, for the purposes of exportation, is known as "Dubak" quality, but when sold in the Indian market for home consumption is recognized as 200-mesh grade.

Appellant, contending that the product sold for export to the United States is superior to the one sold in the foreign market for home consumption, and therefore the two are not "such or similar" within the meaning of section 402 (c), as amended, *supra*, points to a statement in the Government's report, defendant's collective exhibit 5, to the effect that the talc processed for the Indian market has "a rougher type of preparation, and as a consequence is not so clean, not so thoroughly ground, not so uniformly graded," as that destined for sale outside of India. These conclusions are successfully attacked not only in subsequent proof offered by the importer, plaintiff's exhibit 1, *supra*, but also in the Government's reports, defendant's collective exhibits 6 and 8. The record, in its entirety, establishes that the "Dubak" quality covered by the shipment in question is the same as the 200-mesh-grade talc sold for home consumption, in the Indian market. Both are processed in the same manner and are equal in quality, fineness, and all other material respects.

The existence of "such," or identical, merchandise in the foreign market, as we find herein, eliminates from discussion the question of similarity advanced by appellant, for, as held in *United States* v. *Irving Massin & Bros.*, 16 Ct. Cust. Appls. 19, T. D. 42714, the words "such" and "similar," as they appear in the definition of statutory foreign value, are not used synonymously but alternatively.

Conditions, existing in the foreign market at the time of exportation of the product under consideration, as they related to transac-

tions involving powdered talc, 200-mesh grade, produced by the manufacturer of the present merchandise, are shown in the affidavits, i. e., that of the manager of the foreign exporter, plaintiff's exhibit 1, *supra*, and those of commercial witnesses, plaintiff's exhibits 2, 3, and 4, associated with companies in India that sold such merchandise for home consumption. Some reference thereto is included in the Government's reports, defendant's collective exhibits 5, 6, and 8.

The preponderance in weight of the evidence establishes that in the principal market of Calcutta, the manufacturer sold to "certain large consumers direct and to certain dealers or wholesalers," that the wholesalers "were free to resell to anyone in India at prices fixed by them," that the dealers or wholesalers freely offered for sale and sold the merchandise at 50 rupees per long ton (2,240 pounds), packed, a price that did not vary because of the quantity purchased.

The practice of the manufacturer to sell only to certain consumers and wholesalers or dealers, but with no restriction, either in price or class of purchasers, imposed by the wholesalers or dealers, discloses a market the same as that shown to prevail in *United States* v. *Robinson & Co.*, 19 C. C. P. A. 274, T. D. 45436, wherein it was held that the manufacturer's control removed his price from consideration as dutiable value, but the wholesalers' price, which met all the statutory requirements, was acceptable. Under the cited case, the dealers' or wholesalers' price for the talc in question is applicable herein. In this connection, it should be added that since their price remains constant, regardless of the quantity purchased, the statutory element of "usual wholesale quantity" is not a matter for consideration. *Jenkins Brothers* v. *United States*, 25 C. C. P. A. 90, T. D. 49093.

The item of packing is not in dispute. The basic figures were the subject of a stipulation between the parties. In computing the amount to be added in determining foreign value of the merchandise, the trial judge correctly followed the procedure used in *United States* v. *Arkell Safety Bag Co.*, 67 Treas. Dec. 1497, Reap. Dec. 3603, affirmed in *Arkell Safety Bag Co.* v. *United States*, 24 C. C. P. A. 26, T. D. 48307. The trial court's finding of dutiable export charges, i. e., 11 rupees 8 annas per ton, is therefore adopted. Adding said amount to the home consumption price of 50 rupees per long ton, less cost of domestic packing of 5 rupees 12 annas, brings the foreign value of the product to 55 rupees 12 annas per long ton (2,240 pounds), as held by the trial judge.

Counsel for appellant has argued, first in his brief and later with greater emphasis at the oral argument, that the Government's reports, defendant's collective exhibits 5, 6, 7, and 8, offered by defendant at the trial below, should be given greater weight, with ultimate controlling effect, over the affidavits, plaintiff's exhibits 1, 2, 3, and 4, offered by the importer, particular reference being made to testimony of the manager of the foreign manufacturer, as set forth in his affidavit,

and statements attributed to the same individual in the Government's reports. The argument is based largely, if not entirely, upon the time differential between the two sets of documents. The reports are based on information obtained in 1940 and 1941, before appraisement of the merchandise in 1944. The affidavits were executed in 1947, after appeal for reappraisement had been filed and while the litigation was pending.

When the affidavits were introduced before the trial judge, the objection now presented was not offered. It is true Government counsel took an exception to their admission, but the grounds for objection were not directed to the proposition now advanced. If, at the time the affidavits were presented by importer's counsel, the Government attorney had asked for an opportunity to study the documents in the light of the reports then in his possession, the request would have been granted just as the trial judge allowed plaintiff time to read the reports after they were admitted in evidence to "see if there is anything in those reports that should be rebutted or can be rebutted at this time." If the Government felt that further evidence was necessary, the same procedure followed in acquiring the information set forth in the original reports could have been resorted to, to learn whether reliable statements were obtained in the first instance. We do not mean to imply, by this reference to the point raised, that there is any glaring difference between the testimony offered in the affidavits and the statements contained in the reports. All of the documents were properly admitted in evidence by the trial court and have been examined and studied "with considerable care," as did the trial judge.

For the reasons hereinabove set forth, we find as matter of fact and hold as matter of law:

(1) That the merchandise in question consists of powdered talc from India, known as "Dubak" quality.

(2) That at the time of exportation of this product, such, or identical, merchandise was sold in the principal market of Calcutta, India.

(3) That the manufacturer restricted its sales, so its price is not acceptable as dutiable value.

(4) That dealers or wholesalers freely offered for sale and sold the merchandise in the said principal market to all purchasers at 50 rupees per long ton (2,240 pounds), packed, a price that did not vary because of the quantity purchased.

(5) That the dutiable export charges amounted to 11 rupees 8 annas per ton.

(6) That the proper basis for appraisement of the merchandise is foreign value, section 402 (c), as amended, *supra*, and that such statutory value is 55 rupees 12 annas per long ton (2,240 pounds), packed.

The judgment of the trial court is affirmed.