## WESTFELDT BROTHERS *v.* UNITED STATES

No. 7857.

Entry No. 1957.

(Decided August 7, 1950)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiff.

*David N. Edelstein,* Assistant Attorney General (*Guy Gilbert Ribaudo,* special :attorney), for the defendant.

CLINE, Judge: This is an appeal for reappraisement of merchandise, described in the invoices as El Pais cooking chocolate and Ambrosia

cooking chocolate, exported from Cuba on or about May 24, 1943. The El Pais is packed in cartons consisting of 25 units of 2 bars, each bar weighing 6¼ ounces. The Ambrosia is packed in cartons consisting of 25 units of 2 bars, each bar weighing 7 ounces. The merchandise was manufactured by La Ambrosia Industrial, S. A., and was imported for the account of Cuban American Products Co.

The El Pais was invoiced and entered at $4.37½ per carton and was appraised at $8 per carton, less 2 per centum, packed. The Ambrosia was invoiced and entered at $6.50 per carton and was appraised at $10.50 per carton, less 2 per centum, packed. Both types were appraised on the basis of the export value.

At the trial counsel for the plaintiff conceded that the entered values were not correct, but claimed that the appraised values were incorrect also.

The evidence in this case is entirely documentary. Plaintiff's exhibits 1, 2, and 3 are affidavits of Hipolito Reguero Carus, manager of La Ambrosia Industrial, S. A., together with copies of invoices. In plaintiff's exhibits 1 and 2 the affiant states that the El Pais was sold for home consumption in April 1943 at $4 per carton and in May, June, July, and August at $5.50 per carton; that this brand was sold for export to Tampa during April at $5.75 and $6.50 per carton and to New York at $4.25 and $4.37½ per carton; that is was not sold for export to Tampa during May, June, and July, but was sold to New York during those months at $4.37½ per carton. The affiant states further that the Ambrosia was sold for home consumption in April 1943 at $6.50 per carton and in May, June, July, and August at $7 per carton; that it was sold for export to Tampa and New York during April at $6.50 per carton; that it was not sold for export to Tampa during July but was sold to New York in July at $6.50 per carton. Nothing is stated in these exhibits as to sales of Ambrosia for export during May and June.

In plaintiff's exhibit 3 the affiant states that during March 1943 the El Pais was sold for home consumption at 17 cents per pound or $4.25 per case; that in May it was sold at 25 cents per pound or $6.25 per case; that in August it was sold at 22 cents per pound or $5.50 per case; that in September it was sold at 25 cents per pound or $6.25 per case; that the Ambrosia was sold for home consumption during March at $7.50 per case and during May, August, and September at $8 per case; that there were no contracts or orders for sale to the United States from May to October 1943 except to C. C. Richardson Co., Cuban American Products Co., and Villar & Osorio Co., Inc.; that the last-mentioned company received a shipment on August 17, 1943, of 40 cases of El Pais at 17 cents per pound or $4.25 per case.

It is apparent that the term "case" used in plaintiff's exhibit 3 is not the same as the term "carton" used in the invoices herein and in

plaintiff's exhibits 1 and 2. According to the invoices the carton of El Pais consists of 25 units of 2 bars, each bar weighing 6¼ ounces. The carton would therefore weigh 19.53 pounds. 19.53 pounds multiplied by 25 cents (the price per pound in May, according to plaintiff's exhibit 3) would not equal $6.25, but would equal $4.8825. The cases must have contained 25 pounds each. The cases exported to Villar & Osorio Co., Inc., at 17 cents per pound or $4.25 per case must also have contained 25 pounds. Note, however, the following statements contained in the invoices to Villar & Osorio Co., Inc., attached to plaintiff's exhibits 2 and 3:

| | | |
|---|---|---|
| 40 Cartons each 50 packages 6¼ oz Cooking Chocolate EL PAIS___ | $0. 17 | 170. 00 |
| 40 Cartons each 50/6¼ oz. El Pais Cooking Chocolate_____ | 0. 17 | 170. 00 |

These statements do not appear to be correct.

Plaintiff's exhibit 4 is an affidavit of L. Figueredo, managing partner of Gil & Figueredo, stating that it made shipments of chocolate bars, weighing 7 ounces per carton in cartons of 50, at 30½ cents per pound during July, August, September, and October 1943. The record does not show whether this chocolate was the same as or similar to the chocolate here involved.

Plaintiff's exhibit 5 is another affidavit of Hipolito Reguero Carus, stating that during May 1943 the El Pais was quoted at $32 per 100 pounds, net weight of chocolate, and the Ambrosia at $42 per 100 pounds, net weight of chocolate; that the chocolate offered to C. C. Richardson & Co. (hereinafter called Richardson) was similar to that sold under the same brand names to Cuban American Products Co., Inc. (hereinafter called Cuban American); that the chocolate offered to Richardson was packed differently than the chocolate sold to Cuban American; that the cost of wrapping Richardson's merchandise was $1.03 more per case than the merchandise sold and shipped to Cuban American.

Defendant introduced into evidence a report of Valentine C. Schug, examiner of merchandise, to which is attached a copy of a letter dated May 4, 1943, from La Ambrosia Industrial, S. A., to Richardson (defendant's collective exhibit 6). The letter contains the following:

We will forward you new samples and wish to say that the new price for the chocolates will be El Pais at $32.00 and AMBROSIA at $42.00.

Awaiting your further advices on the above, we are,

Very truly yours,

Signed LA AMBROSIA INDUSTRIAL S. A.

CARTONS EACH EL PAIS $8.00
CARTONS EACH AMBROSIA $10.50

Attached to defendant's collective exhibit 6 is a copy of a letter from Joseph H. Dillon, Treasury representative in charge, to the

director of the Customs Information Exchange, referring to a letter from the Customs Information Exchange requesting an investigation to ascertain whether or not the manufacturer's copy of the letter to Richardson, mentioned above, was available, since the attorney for Richardson had submitted a copy identical with that attached to the examiner's report "with the exception that the phrase 'CARTONS EACH EL PAIS $8.00' and 'CARTONS EACH AMBROSIA $10.50' does not appear." Mr. Dillon stated that he was unable to obtain the letter from the offices of La Ambrosia Industrial, S. A., since many records had been destroyed by a fire. In a subsequent letter, Mr. Dillon stated that he had been informed by a clerk in the office of La Ambrosia Industrial, S. A., that—

> \* \* \* the cartons of "El Pais" chocolate, which were offered for sale at $8.00 per carton in May 1943, contained fifty (50) bars, each weighing 6¼ ounces, and the cartons of "Ambrosia" chocolate, which were offered for sale at $10.50 per carton in May 1943, contained fifty (50) bars, each weighing 7 ounces.

Plaintiff's exhibit 5-A consists of an affidavit of C. C. Richardson, stating that to the best of his recollection, La Ambrosia, S. A., made an offer in May 1943 of the El Pais at $32 per 100 pounds, net weight, and of the Ambrosia at $42 per 100 pounds, net weight.

It is apparent that the price of $32 per 100 pounds for the El Pais cannot be reconciled with the price of $8 per carton of 50 bars, each bar weighing 6¼ ounces. However, a case of 25 pounds at $32 per per 100 pounds would be $8. Similarly as to the Ambrosia, a case of 25 pounds at $42 per 100 pounds would total $10.50, while a carton of 50 bars, each bar weighing 7 ounces, would not. It would seem that La Ambrosia Industrial, S. A., sometimes sold by the carton and sometimes by the case and that confusion resulted in the quotation of prices. This is evident also from the invoices to Villar & Osorio Co., Inc., quoted above.

Plaintiff claims, therefore, that the correct prices for this merchandise were $32 per 100 pounds for the El Pais or $6.24 per carton of 19.53 pounds and $42 per 100 pounds for the Ambrosia or $9.1875 per carton of 21.874 pounds, both less a cash discount of 2 per centum.

However, the following facts are contrary to plaintiff's contention. The El Pais was sold to Richardson during April 1943 at $6.50 per carton. The letter of May 4, 1943, states that the prices of $32 for El Pais and of $42 for Ambrosia are new prices. It is not stated that these are increases, but in plaintiff's exhibit 1 the affiant states:

> It will be noted that though our prices on home consumption were raised, those on export were not, this was due to the fact that due to the great demand for exportation the cost of raw materials rose to oblige us to raise our prices. We were unable to raise our export prices due to our having accepted these orders at the former prices and were not able to fill them immediately as our production is not large enough to permit us to fill large orders rapidly.

The new prices of May 4 must have been increases rather than reduc-

tions. Under plaintiff's contention, the new price would be $6.24 per carton of El Pais, whereas the prior price had been $6.50.

In the report of Valentine C. Schug (defendant's collective exhibit 6) it is stated:

Mr. Fernandez stated that no sales or deliveries of "El Pais" or "Ambrosia" chocolates had been made by his firm at the prices quoted in "Exhibit No. 1 [the letter of May 4, 1943]." His firm, however, adheres to those prices in view of increases in the costs of materials, labor, etc. The sale to The Schumacher Co. was made after bargaining.

The sale to The Schumacher Co. was made on August 27, 1943, at $7.50 per carton for 1,000 cartons, each containing 50 6¼-ounce packages of "El Pais" chocolate. This is an indication that the freely offered price per carton was $8 and that the lesser price of $7.50 was obtained by bargaining. Under plaintiff's theory, the price per carton would have been $6.24.

Plaintiff also claims that since the cost of packing the merchandise offered to Richardson was $1.03 more per carton than the cost of packing the instant merchandise, that amount should be deducted, citing *United States* v. *Arkell Safety Bag Co.*, 67 Treas. Dec. 1497, Reap. Dec. 3603. In that case it was established by uncontroverted evidence that the cost of packing the paper sold in the home market was 250 per centum higher than the cost of packing the paper sold for export. The actual cost of packing the imported merchandise was shown on the invoices. The court found the dutiable export value by deducting from the home market value packing charges equal to 2½ times the actual invoiced cost of packing and adding the actual invoiced cost of packing.

In the instant case, the difference is not between the packing costs in the home market and those in the export market, but between the amounts charged to two customers in the export market. The cost of the containers and packing was included in the invoiced prices. According to the statement of Antonio Fernandez mentioned in the report of Valentine C. Schug (defendant's collective exhibit 6), the cost of cartons and packing is always included in the unit selling prices. The affidavit of Hipolito Reguero Carus (plaintiff's exhibit 5) states that the cost of wrapping the merchandise shipped to Richardson was $1.03 more per case than the cost of wrapping that shipped to Cuban American. There is no evidence as to how the merchandise was wrapped when sold to other purchasers.

Section 402 (d) of the Tariff Act of 1930 provides that the export value shall be the price at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in the price, the cost of all containers and cover-

ings. Another statement of Antonio Fernandez mentioned in the report of Examiner Schug (defendant's collective exhibit 6) is to the effect that his firm adhered to the prices in the letter of May 4, 1943. That is an indication that the merchandise was usually bought and sold, packed in the same manner as was the Richardson merchandise. The special reduction in packing charges granted to Cuban American cannot be considered in finding the price, including the cost of all containers and coverings, at which the merchandise was freely offered to all purchasers in the usual wholesale quantities and in the ordinary course of trade.

In reappraisement cases, it is incumbent upon the plaintiff to meet every material issue involved in the case, to overcome the presumption of correctness attaching to the appraiser's valuation, and to prove the correct dutiable value of the merchandise. *Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. 36, T. D. 43324; *United States* v. *Malhame & Co.*, 19 C. C. P. A. 164, T. D. 45276; *United States* v. *T. D. Downing Co.*, 20 C. C. P. A. 251, T. D. 46057; *Harry Garbey* v. *United States*, 24 C. C. P. A. 48, T. D. 48332; *Sears, Roebuck & Co. et al.* v. *United States*, 31 C. C. P. A. 36, C. A. D. 246. On the record as presented, the plaintiff herein has failed to meet this burden.

Therefore, I make the following findings of fact:

1. That the merchandise consists of El Pais cooking chocolate packed in units of 2 bars to a unit with a total of 50 bars to each carton, each bar weighing 6¼ ounces, and Ambrosia cooking chocolate packed in units of 2 bars to a unit with a total of 50 bars to each carton, each bar weighing 7 ounces.

2. That the El Pais cooking chocolate was appraised on the basis of export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, at $8 per carton, less 2 per centum, packed, and the Ambrosia cooking chocolate was appraised on the basis of export value at $10.50 per carton, less 2 per centum, packed.

3. That on or about the date of exportation, such or similar El Pais cooking chocolate was freely offered for sale to all purchasers in the principal markets of Cuba in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States packed ready for shipment to the United States at $8 per carton, less 2 per centum discount.

4. That on or about the date of exportation, such or similar Ambrosia cooking chocolate was freely offered for sale to all purchasers in the principal markets of Cuba in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States packed ready for shipment to the United States at $10.50 per carton, less 2 per centum discount.

5. That the foreign value of such or similar merchandise, as such

value is defined in section 402 (c) of the Tariff Act of 1930, as amended, was no higher.

I make the following conclusions of law:

1. That the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved.

2. That such values are $8 per carton, less 2 per centum, packed, for the El Pais cooking chocolate, and $10.50 per carton, less 2 per centum, packed, for the Ambrosia cooking chocolate.

Judgment will be rendered accordingly.