(A. R. D. 10)

WESTFELDT BROTHERS v. UNITED STATES

Entry No. 1957.

First Division, Appellate Term

(Decided December 11, 1952)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the appellant.
*Charles J. Wagner*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellee.

Before OLIVER and MOLLISON, Judges

OLIVER, Chief Judge: This case comes before us as a review of the decision reported in *Westfeldt Brothers* v. *United States*, 25 Cust. Ct. 373, Reap. Dec. 7857, wherein the trial judge affirmed the appraised values of two kinds of cooking chocolate exported from Cuba on or

562

about May 24, 1943. The merchandise was manufactured by La Ambrosia Industrial, S. A., and was imported for the account of Cuban American Products Co.

The grade of chocolate, known as El Pais, was packed in cartons consisting of 25 units of 2 bars, each bar weighing 6¼ ounces, the total weight for each carton being 19.53 pounds. It was invoiced and entered at $4.37½ per carton, and was appraised at $8 per carton, less 2 per centum, packed. Another grade, called Ambrosia, was packed in cartons consisting of 25 units of 2 bars, each bar weighing 7 ounces, the total weight of each carton being 21.874 pounds. It was invoiced and entered at $6.50 per carton and was appraised at $10.50 per carton, less 2 per centum, packed. Both qualities of the chocolate were appraised on the basis of export value, which is defined in section 402 (d) of the Tariff Act of 1930 as follows:

(d) EXPORT VALUE.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

In this proceeding, as in the lower court, appellant (plaintiff below) admits that the entered values, which are the purchase prices, are incorrect. The concession is made with the knowledge that the present merchandise was purchased in April 1943, and that thereafter, in May 1943, at the time of exportation, the prices for the commodities had increased.

The parties are in agreement that foreign value, section 402 (c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, is not involved herein, because, as stated in the brief of counsel for appellant, "the selling price for home consumption of the same or similar merchandise at or about the time of exportation was lower than the appraised export value and also lower than the export value claimed by the appellant." Thus, export value, section 402 (d), *supra*, is admittedly the proper basis for appraisement of both grades of the chocolate in question.

Appellant makes two contentions; one, relating to the matter of price, and the other, concerning the item of packing.

The proof offered by both parties is entirely documentary, and the trial judge made a very thorough and accurate analysis thereof. No useful purpose would be served in this discussion to repeat a detailed outline of the record. We shall, therefore, refer only to such portions of the evidence as are pertinent toward our conclusions.

Appellant, disputing the appraised values, claims a price for the El Pais chocolates of $32 per 100 pounds, and for the Ambrosia brand of $42 per 100 pounds. Stated in terms of a "carton," the unit at which the merchandise was entered and invoiced, plaintiff's claimed prices, based on the weights of the individual cartons, as hereinabove set forth, are $6.24 per carton for the El Pais, and $9.1875 per carton for the Ambrosia, both less a discount of 2 per centum.

With respect to the item of packing, appellant claims an allowance of $1.03 per carton because the type of packing used for the present merchandise was different from that employed in packing chocolate for another American customer.

An affidavit (exhibit 5), executed by the foreign exporter of the shipment under consideration in support of the claims alleged by appellant, is aptly summarized in the decision of the trial judge as follows:

Plaintiff's exhibit 5 is another affidavit of Hipolito Reguero Carus, stating that during May 1943 the El Pais was quoted at $32 per 100 pounds, net weight of chocolate, and the Ambrosia at $42 per 100 pounds, net weight of chocolate; that the chocolate offered to C. C. Richardson & Co. (hereinafter called Richardson) was similar to that sold under the same brand names to Cuban American Products Co., Inc. (hereinafter called Cuban American); that the chocolate offered to Richardson was packed differently than the chocolate sold to Cuban American; that the cost of wrapping Richardson's merchandise was $1.03 more per case than the merchandise sold and shipped to Cuban American.

In an affidavit (exhibit 5-A), C. C. Richardson of C. C. Richardson & Co., mentioned in the foregoing quotation, states that to the best of his recollection the Cuban exporter of the chocolate in question made offers of El Pais at $32 per 100 pounds, net weight, and of the Ambrosia at $42 per 100 pounds, net weight.

A customs examiner's report, collective exhibit 6, includes a letter, dated May 4, 1943, from the foreign exporter of the present merchandise to the said C. C. Richardson & Co., which letter contains the following:

We will forward you new samples and wish to say that the new price for the chocolates will be El Pais at $32.00 and AMBROSIA at $42.00.

Awaiting your further advices on the above, we are,

Very truly yours,

Signed    LA AMBROSIA INDUSTRIAL S. A.

CARTONS EACH EL PAIS $8.00
CARTONS EACH AMBROSIA $10.50

Embodied as part of the report, collective exhibit 6, *supra*, is a copy of a letter from a Treasury representative referring to a letter from the director of the Customs Information Exchange in which the latter had asked for an investigation to ascertain whether the manufacturer's copy of the said letter of May 4, 1943, was available, because

the attorney for C. C. Richardson & Co. had supplied a purported copy thereof which was identical with that attached to collective exhibit 6, *supra*, except "that the phrase 'Cartons Each El Pais $8.00' and 'Cartons Each Ambrosia $10.50' does not appear." The Treasury representative replied that the Cuban exporter was unable to show the letter because many of the company's records had been destroyed by fire. In a subsequent letter, also part of collective exhibit 6, the Treasury representative reported that he had been informed by a clerk in the office of the La Ambrosia Industrial, S. A., that—

* * * the cartons of "El Pais" chocolate, which were offered for sale at $8.00 per carton in May 1943, contained fifty (50) bars, each weighing 6¼ ounces, and the cartons of "Ambrosia" chocolate, which were offered for sale at $10.50 per carton in May 1943, contained fifty (50) bars, each weighing 7 ounces.

In the light of the foregoing line of proof, it is obvious that the prices on the 100-pound basis cannot be reconciled with the prices on a per-carton basis, at which the merchandise in question was appraised and which was upheld by the trial judge. Recognizing the inconsistency between the two different price units, the lower court, with sound reasoning, disposed of the condition in this way:

It is apparent that the price of $32 per 100 pounds for the El Pais cannot be reconciled with the price of $8 per carton of 50 bars, each bar weighing 6¼ ounces. However, a case of 25 pounds at $32 per 100 pounds would be $8. Similarly as to the Ambrosia, a case of 25 pounds at $42 per 100 pounds would total $10.50, while a carton of 50 bars, each bar weighing 7 ounces, would not. It would seem that La Ambrosia Industrial, S. A., sometimes sold by the carton and sometimes by the case and that confusion resulted in the quotation of prices. * * *

Appellant's claim with respect to the item of packing, as hereinabove set forth, is based on the cost of packing chocolate in case lots sold to an American customer, not the importer of the present merchandise.

Counsel for appellant, referring to the matter at the time of oral argument, said "the difference in cost between those two types of packing was $1.03 per carton." The statement is not consistent with the facts of record, as shown in the affidavit of the Cuban exporter (exhibit 5), showing that "The cost of wrapping Richardson's merchandise was $1.03 more per case than the merchandise sold and shipped to Cuban American Products Co. Inc."

The fallacy of appellant's position lies in the fact that the merchandise in question was invoiced, entered, appraised, and reappraised at a price per carton which included the cost of packing. That the foreign exporter also sold chocolate in cases, obviously containing a greater quantity, where the cost of packing was higher than when the commodity was sold in cartons, is immaterial under the circumstances prevailing herein.

Whether or not an adjustment for the difference in cost of packing should be made if the price per case should be adopted, is not a matter for consideration on the basis of the present record.

The cases of *United States* v. *Arkell Safety Bag Co.*, 67 Treas. Dec. 1497, Reap. Dec. 3603, and *United States* v. *J. J. Gavin & Co., Inc. (Soeldner-Heyman Co.)*, 24 Cust. Ct. 576, Reap. Dec. 7808, cited by appellant, have no application herein. In both instances, determination of the item of packing was based on the facts peculiar to the individual cases which are clearly distinguishable from the present situation.

While our approach to the item of packing differs from that taken by the trial judge in connection therewith, our review of the record, as a whole, is not at variance with the analysis made by the lower court. Hence, our conclusion is a concurrence with that reached by the trial judge. Accordingly, we borrow from the decision under review, Reap. Dec. 7857, *supra*, and adopt as our own the following expression contained therein:

> In reappraisement cases, it is incumbent upon the plaintiff to meet every material issue involved in the case, to overcome the presumption of correctness attaching to the appraiser's valuation, and to prove the correct dutiable value of the merchandise. *Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. 36, T. D. 43324; *United States* v. *Malhame & Co.*, 19 C. C. P. A. 164, T. D. 45276; *United States* v. *T. D. Downing Co.*, 20 C. C. P. A. 251, T. D. 46057; *Harry Garbey* v. *United States*, 24 C. C. P. A. 48, T. D. 48332; *Sears, Roebuck & Co. et al.* v. *United States*, 31 C. C. P. A. 36, C. A. D. 246. On the record as presented, the plaintiff herein has failed to meet this burden.

On the basis of the foregoing, we find as matter of fact:

1. That the merchandise consists of El Pais cooking chocolate packed in units of 2 bars to a unit with a total of 50 bars to each carton, each bar weighing 6¼ ounces, and Ambrosia cooking chocolate packed in units of 2 bars to a unit with a total of 50 bars to each carton, each bar weighing 7 ounces.

2. That the El Pais cooking chocolate was appraised on the basis of export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, at $8 per carton, less 2 per centum, packed, and the Ambrosia cooking chocolate was appraised on the basis of export value at $10.50 per carton, less 2 per centum, packed.

3. That on or about the date of exportation, such or similar El Pais cooking chocolate was freely offered for sale to all purchasers in the principal markets of Cuba in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States packed ready for shipment to the United States at $8 per carton, less 2 per centum discount.

4. That on or about the date of exportation, such or similar Ambrosia cooking chocolate was freely offered for sale to all purchasers

in the principal markets of Cuba in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States packed ready for shipment to the United States at $10.50 per carton, less 2 per centum discount.

5. That the foreign value of such or similar merchandise, as such value is defined in section 402 (c) of the Tariff Act of 1930, as amended, was no higher.

Accordingly, we hold as matter of law:

1. That export value, section 402 (d), *supra*, is the proper basis for appraisement of the merchandise under consideration.

2. That such statutory values for the two grades of chocolate, El Pais and Ambrosia, are the appraised values.

The judgment of the trial judge is affirmed.